UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA M.,[1]<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 23cv2182-LR<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**<br><br>**[ECF No. 2]** |

On November 28, 2023 Plaintiff Samantha M. ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. (Compl., ECF No. 1.) Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to proceed IFP.

/ / /

/ / /

---

[1] In the interest of privacy, this order uses only the first name and initial of the last name of the non-government party or parties in this case. See S.D. Cal. Civ. R. 7.1(e)(6)(b).

1

## I.      DISCUSSION

Parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a). An adequate affidavit should "allege[ ] that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." Escobedo, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. See id. at 1235–36.

An adequate affidavit should state supporting facts "with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (citing Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960)). The Court should not grant the IFP application of a claimant who is "financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984); see also Alvarez v. Berryhill, No. 18cv2133-W-BGS, 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other expenses"). Additionally, courts have discretion to deny a motion to proceed IFP when the moving party is "unable, or unwilling, to verify their poverty." McQuade, 647 F.2d at 940.

---

[2] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00. See 28 U.S.C. § 1914(b) (effective December 1, 2023). The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP. Id.

Plaintiff has not met her burden of demonstrating that she is entitled to IFP status. Plaintiff's application to proceed IFP reflects that she has no income and approximately $3,200 in expenses each month. (See ECF No. 2. at 5.) The cash assets section of her application, however, notes that she has savings of over $121,640.00, and does not state that she is unable to access the funds in any of her bank accounts. (See ECF No. 2 at 2.) Accordingly, Plaintiff has failed to allege that she "cannot pay [the $405 filing fee] and still afford the necessities of life." Escobedo, 787 F.3d at 1234.

## II.   CONCLUSION

Because Plaintiff has failed to properly allege that she cannot afford to pay the filing fee in this case, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to proceed IFP. (ECF No. 2.) On or before **January 19, 2024**, Plaintiff must either: (a) pay the requisite filing fee, or (b) file a renewed IFP motion containing the requisite information regarding her ability to pay the costs of commencing this action. If Plaintiff fails to timely submit payment or a renewed IFP motion, this case will be dismissed.

**IT IS SO ORDERED.**

Dated:  December 15, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge