UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA M.,[1]<br><br>                            Plaintiff,<br><br>v.<br><br>LEE DUDEK, Acting Commissioner of Social Security,<br><br>                            Defendant. | Case No.:  23-CV-2182 W (LR)<br><br>**ORDER ADOPTING R&R [DOC. 17] AND OVERRULING PLAINTIFF'S OBJECTIONS [DOC. 18]** |

      Pending before the Court is Plaintiff's objection to Magistrate Judge Lupe Rodriguez, Jr.'s Report and Recommendation (R&R) affirming the Commissioner of the Social Security Administration's (SSA) denial of supplemental security benefits. *See* (R&R [Doc. 17].)  The Court referred all matters arising in this social security appeal to United States Magistrate Judge Lupe Rodriguez, Jr. for Report and Recommendation under Section 636(b)(1)(B) of Title 28 of the United States Code and Civil Local Rule 72.1. *See* 28 U.S.C. § 636(b)(1)(B); CivLR 72.1.

---

[1] To protect Plaintiff's privacy, this Order uses only the first name and initial of the last name of the non-government party.  *See* CivLR 7.1(e)(6)(b).

On February 18, 2025, Magistrate Judge Rodriguez, Jr. issued a thorough and well-reasoned R&R affirming the Commissioner's decisions [Doc. 17].  Plaintiff filed Objections to the R&R on February 26, 2025.  (*Obj.* [Doc. 18].)  Defendant has opposed. (*Opp'n* [Doc. 19].)

The Court has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law.  For the reasons explained below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Judge Rodriguez, Jr.'s R&R in its entirety.

I.      BACKGROUND

On July 1, 2021, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning October 20, 2019.  (AR[2] [Doc. 9] at 187–91.)  After Plaintiff's application was denied initially and upon reconsideration, she filed a written request for a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 127–28.)  The hearing was on November 16, 2022, with Plaintiff represented by counsel.  (*Id.* at 17.)  On February 15, 2023, the ALJ found Plaintiff was not disabled since her application filing date.  (*Id.* at 33.)  Plaintiff then requested the Appeals Counsel to review the ALJ's determinations, but that request was denied.  (*Id.* at 1–3, 5.)

Plaintiff then filed this suit in the Southern District of California seeking judicial review of the Commissioner's findings [Doc. 1].  Specifically, Plaintiff presented three issues: whether the ALJ (1) failed to find Plaintiff's major depressive disorder and anxiety disorder as severe impairments; (2) improperly evaluated Plaintiff's migraine headaches; and (3) incorrectly assessed Plaintiff's physical residual functional capacity ("RFC").  (*Joint Mtn. Jud. Review* [Doc. 16] at 7:19–22.)  If erroneous, Plaintiff requested that the Court reverse and remand for calculation of benefits.  (*Id.*)

---

[2] "AR" refers to the Administrative Record filed on January 29, 2023.  [Doc. 9].

Magistrate Judge Rodriguez, Jr. issued an R&R recommending that the Commissioner's decision be affirmed, and set February 26, 2025, as the deadline for Plaintiff to file an objection. (R&R at 29:1–12.) Plaintiff filed an objection to the R&R and Defendant has opposed.

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

## III. ANALYSIS

Plaintiff objects to the Magistrate Judge's R&R on three grounds. (*Obj.* [Doc. 17].) First, she argues that the ALJ failed to find that Plaintiff's major depressive disorder and anxiety disorder were severe impairments at Step Two. (*Id.* at 1:23–27.) Second, she argues that substantial evidence does not support the ALJ's evaluation of Plaintiff's migraine headaches. (*Id.* at 4:14–16.) Third, Plaintiff argues that the RFC is not supported by substantial evidence. (*Id.* at 8–9.)

///
///
///
///
///

A. **The ALJ's Evaluation of Plaintiff's Mental Impairments Is Supported by Substantial Evidence**

    i. <u>The ALJ's determination of Plaintiff's Major Depressive Disorder and Anxiety Disorder</u>

Plaintiff objects to the ALJ's determination that her depression and anxiety were non-severe impairments. (*Id.* at 11–12.) At Step Two of the sequential evaluation, the SSA considers the medical severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). To establish that a medically determinable impairment is "severe," the claimant must show that the impairment poses a significant limitation on their physical or mental ability to perform basic work activities. *Id.* at § 404.1520(c). "Basic work activities" include a variety of tasks related to work routines, such as physical functions (walking, standing, sitting) and mental functions (understanding, carrying out tasks, communication). *Id.* at § 404.1522(b).

Plaintiff asserts that the ALJ erred in finding that her major depressive disorder and anxiety were not severe impairments because "the ALJ failed to explain how someone with a diagnosis of major depression does not have significant limitations in work related activities." (*Id.* at 3:11–16.) In support, Plaintiff cites a diagnosis by consultative examiner J. Durr, Ph.D. finding that she had a "mild inability to maintain consistency and pace throughout the day and follow the normal rules of the workplace, and was at risk for calling in sick, not showing up, or needing to leave early." (*Id.* at 3:8–12.)

However, as the Magistrate Judge correctly stated, the ALJ came to that conclusion after identifying the major depressive disorder and anxiety disorder as medically determinable impairments and considering their impact on each of the four functional areas outlined in the disability regulations. (R&R at 14–15.) For example, the Magistrate Judge pointed out:

- In the first functional area of understanding, remembering, or applying information, the ALJ found that Plaintiff had only a mild limitation. (AR at 21–22.) This determination was based on the Plaintiff's opinions, her ability to recall

objects, notes from doctors, and results from the Wechsler Adult Intelligence Scale (4th Edition).  (R&R at 14:13–21.)

- In the second functional area, the ALJ found she had mild limitations interacting with others, referencing doctor opinions that she was cooperative and made good eye contact; Plaintiff's testimony that she spent time with family and friends regularly; and another doctor's findings that she was able to answer questions about hypothetical social situations appropriately with "social judgment and knowledge of norms."  (*Id.* at 14:22–28); (AR at 21–22.)
- In the third functional area, the ALJ found she had mild limitations in concentrating persisting or maintaining pace.  (R&R at 15.)  The ALJ considered Plaintiff's own testimony that she could pay attention for 15 to 20 minutes with reports from doctors that she did not have gross abnormalities in attention and concentration.  (*Id.* at 15:1–9); (AR at 21–22.)
- In the fourth functional area, the ALJ found she had only mild limitations adapting or managing herself.  (R&R at 15:10–11.)  The ALJ noted that Plaintiff had reported no difficulties performing personal care activities and had reported her ability to perform household chores.  (*Id.* at 15:11–13.)  Additionally, the ALJ noted that Plaintiff was engaged in hobbies, did well in her online college courses, still had her driver's license, and was capable of driving herself to medical appointments.  (*Id.* at 15:14–18); (AR at 22–23.)

The Magistrate Judge found that despite the diagnosis and an opinion that she had mild functional limitations, Plaintiff failed to "offer specific evidence of functional limitations directly attributable to her major depression disorder or generalized anxiety disorder that the ALJ failed to address."  (R&R at 16:13–17.)

As the Ninth Circuit has explained, "[t]he . . . existence of an impairment is insufficient proof of disability . . . . [and] [a] claimant bears the burden of proving that an impairment is disabling."  *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (quotations and internal citations omitted).  *See also Bay M. for Anthony M. v. Saul*, No.

18-CV-01015-W (JLB), 2019 WL 3562214, at *8 (S.D. Cal. Aug. 6, 2019) (finding that a diagnosis of major depressive disorder—without explaining functional limitations is not sufficient to find inability to work).

Here, the record demonstrates that the ALJ considered both Dr. Durr's opinion and the results of the functional areas before concluding that Plaintiff suffered only mild limitations. (AR at 24–31.) However, the Magistrate Judge correctly pointed out that "although Plaintiff cites Dr. Durr's opinion indicating mild functional limitations, Plaintiff does not offer specific evidence of functional limitations directly attributable to her major depressive disorder or generalized anxiety disorder that the ALJ failed to address." (R&R at 16:13–17.) The Court agrees with the Magistrate Judge that "[i]n the absence of any functional limitations directly related to Plaintiff's major depressive disorder and/or unspecified anxiety disorder that the ALJ failed to consider, the Court cannot find error." (R&R at 16: 20–22.) Therefore, Plaintiff's objection is overruled.

### ii. The Magistrate Judge did not err by not including the mild limitations in the RFC finding

Although the ALJ and the Magistrate Judge found Plaintiff's major depressive disorder and anxiety disorder limitations were mild, she argues the ALJ's determination not to include them in the RFC was unsupported by substantial evidence because "non-severe mental impairments causing even mild limitations in understanding, remembering, or applying information and concentrating, persisting, or maintaining pace can impact an individual's ability to perform reasoning . . . jobs . . . ." (*Obj*. at 4:4–8.) Plaintiff asserts that the ALJ failed to include these mild limitations in the RFC finding, and by doing so, failed to consider the impact of those limitations on the representative jobs the ALJ identified. (*Id.* at 4:3–9.)

However, the Magistrate Judge pointed out that "[w]here an ALJ discusses mental impairments . . . and determines that they do not cause more than a 'mild limitation,' the RFC need not include additional analysis related to these impairments." (R&R at 26:7–

1  21) (citing *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022)).  Here, the ALJ
2  considered medical opinions and the results on the functional areas before determining
3  that Plaintiff's major depressive disorder and anxiety disorder posed only mild
4  limitations.  (AR 23.)  Therefore, the Magistrate Judge correctly found that the ALJ was
5  not required to discuss these mental impairments further in the final RFC.  (R&R at 27.)

**B.    Substantial Evidence Supports the ALJ's Evaluation of Plaintiff's Headaches**

    **i.  <u>The ALJ did not commit error by not analyzing the headaches under Listing 11.02</u>**

Plaintiff also objects to the Magistrate Judge's R&R on the grounds that while the ALJ found Plaintiff's migraine to be a severe impairment, the ALJ did not refer to or cite Listing 11.02 and SSR 19-4p.  (*Obj.* at 5:15–18.)  Although the ALJ did not discuss Listing 11.02 in his decision, the Magistrate Judge correctly pointed out that the ALJ considered whether Plaintiff met the requirements of Listing 11.04 (vascular insult to the brain).  (R&R at 20:14–21.)  The ALJ then found that Plaintiff failed to present evidence to satisfy Listing 11.04.

Although Plaintiff argues that the ALJ should have analyzed Listing 11.02, the Magistrate Judge pointed out the "ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination unless the claimant presents evidence in an effort to establish equivalence."  *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005).  *See also Ford v. Saul*, 950 F.3d 1141, (9th Cir. 2020) ("[an] ALJ [does] not have a duty to discuss medical equivalency sua sponte . . . .").  Here, Plaintiff did not raise the issue or present evidence of equivalency during the administrative process.  Therefore, the Magistrate Judge correctly found that the ALJ did not err.

///
///

C. **The Magistrate Judge Correctly Found the RFC was supported by substantial evidence**

    i. <u>**The RFC is supported by substantial evidence**</u>

Plaintiff also argues that the ALJ's RFC assessment was not supported by substantial evidence. (*Obj.* at 8:22–23.) Plaintiff asserts that the Magistrate Judge erred because the ALJ lacked sufficient opinion evidence in the record and should have ordered a consultative exam. "The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure the claimant's interests are protected." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Further, the ALJ has a duty "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 120 (2000).

However, the Magistrate Judge correctly stated that, although an ALJ has an independent duty to develop the record, the duty is only triggered when the evidence is ambiguous or the record is inadequate. (R&R at 27:12–21) (citing *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)); *see also Tonapetyan*, 276 F.3d at 1150; *Souzan H. v. O'Malley,* No. 3:23-CV-00031-VET, 2024 WL 4307199, at *5 (S.D. Cal. Sept. 26, 2024) (citations omitted) ("[a]mbiguous evidence, or the ALJ's finding own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry.").

Plaintiff has not pointed to ambiguous evidence that would trigger the ALJ's duty to further develop the record. Additionally, although Plaintiff argues that the record lacks sufficient opinion evidence, the Magistrate Judge pointed out this argument "ignores the ALJ's unequivocal references to evidence from treating and examining physicians," such as Dr. Joseph Behymer (treating physician), James Lamar (an examining physician), and Dr. Natacha Akshoomoff (treating physician). (R&R at 27:9–21); (AR 27–28.)

The Magistrate Judge also noted that "[t]he ALJ's RFC determination contains clear references to medical evidence supporting limitations . . . . summarizes the opinion of DDS medical consultant Dr. Mazuryk, which the ALJ found persuasive and

incorporated into the RFC." (R&R at 27:22–25.) The Magistrate Judge found that the ALJ's findings were supported by other medical evidence in the record. (R&R at 28:4–21.) Therefore, the Magistrate Judge was correct to find that the ALJ's findings were supported by substantial evidence.

### ii. The ALJ did not err by not addressing the average length of Plaintiff's migraines and the methods Plaintiff used to alleviate them

Plaintiff also asserts that the Magistrate Judge did not address her argument that the ALJ failed to properly address the average length of each migraine or the methods she used to alleviate the pain and symptoms. (*Obj.* at 7:1–2.) Plaintiff described suffering whiplash injuries and a head injury that caused her to suffer long headaches, light sensitivity, and feelings of pressure radiating through her skull. (*Id.* at 7:4–10.) Plaintiff also describes symptoms including photophobia, visual disturbances, nausea, agitation, light-headedness, speech difficulty, and decreased concentration. (*Id.* at 7:24–25.) Plaintiff argues that failing to address this issue is not harmless error because if the ALJ had considered how she alleviated her symptoms, he might have found that "Plaintiff may have been off-task in excess of the percentage of the workday that employers typically allowed." (*Id.* at 8:12–18.)

However, as defendants point out, that issue pertains to whether the ALJ's RFC assessment is supported by substantial evidence. (*Opp'n* at 5:2–7.) The Magistrate Judge found the RFC—as explained above—was supported by substantial evidence. (R&R at 27.) Specifically, the Magistrate Judge pointed out that the ALJ made "unequivocal references to evidence from treating and examining physicians" and contained "clear references to medical evidence supporting limitations based on Plaintiff's physical symptoms." (*Id.*) Accordingly, the Court agrees that the Magistrate Judge did not err because the RFC was supported by substantial evidence.

///
///

IV. **CONCLUSION**

The Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Lupe Rodriguez, Jr.'s R&R in its entirety.

**IT IS SO ORDERED.**

Dated: April 2, 2025

Hon. Thomas J. Whelan
United States District Judge